UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

"In Admiralty"

PABLO JIMENEZ,                               Case Number

Plaintiff,

v.

CARNIVAL CORPORATION, and
MS "CARNIVAL ECSTASY," her engines, tackle,
equipment, apparel, appurtenances, etc, *in rem*,

Defendants
_____/

## SEAMAN'S ADMIRALTY COMPLAINT

COMES NOW the Plaintiff, Seaman PABLO JIMENEZ ("JIMENEZ"), by and through undersigned counsel, and sues Defendant CARNIVAL CORPORATION ("CARNIVAL"), *in personam*, and Defendant MS "CARNIVAL ECSTASY," her engines, boilers, tackle, equipment, apparel, appurtenances, etc., *in rem*, and alleges:

### INTRODUCTORY STATEMENT

1. Plaintiff Seaman JIMENEZ seeks: 1) medical care and living expenses, under the age-old maritime remedy of maintenance and cure, associated with treatment of a medical condition arising in the service of his ship, 2) full maritime tort damages for failure to provide full and adequate medical care to a seaman under a statutory cause of action which enlarges the remedies available in admiralty and maritime cases, 46 U.S.C. § 30104 (the "Jones Act"), 3) along with such other damages as may be awarded, including an award of punitive damages, as appropriate, and 4) enforcement of his claims *in rem* as appropriate.

## SUBJECT MATTER JURISDICTION

2. This case *does not* arise under the laws, nor treaties, of the U.S. This Honorable Court has admiralty and maritime jurisdiction over this cause pursuant to U.S. CONST., art. III, cl. 2 ("The judicial powers shall extend to ... all cases of admiralty and maritime Jurisdiction").

3. This action seeks damages *in excess of* One Hundred Thousand Dollars ($100,000.00) exclusive of interest and attorneys fees, both *in personam* and *in rem*, an amount within this Honorable Court's inherent and statutory authority, in contrast to the Panamanian arbitration forum reflected in Plaintiff JIMENEZ's employment contract with Defendant CARNIVAL, which contains an arbitration clause (void under U.S. law) purporting to limit Plaintiff's recourse to a Panamanian arbitrator whose: 1) jurisdictional maximum for damages is Fifty Thousand Dollars ($50,000.00), 2) awards of maintenance and cure are severely curtained by Panamanian law, 3) is without competence to award punitive damages and 4) cannot enforce Plaintiff JIMENEZ'S *in rem* claims.

## VENUE

4. Venue lies within the Southern District of Florida pursuant to 28 U.S.C. §1391, the General Maritime Law of the U.S., because *in personam* Defendant CARNIVAL conducts business within this District, and *in rem* Defendant *MS "CARNIVAL ECSTASY"* is currently within the this District's waters.

## PAYMENT OF FILING FEES

5. As a seaman, under 28 U.S.C. § 1916 Plaintiff shall not be required to give security for costs upon filing of this action.

## PARTIES

6. Plaintiff Seaman JIMENEZ is over the age of eighteen, *sui juris*, and is a Dominican Republic citizen who was at all times relevant hereto was employed by Defendant CARNIVAL as a crewmember aboard the *MS "CARNIVAL ECSTASY"* as a Chief Motorman at the base rate of $2,310.00 per month, along with other benefits of his employment, such as free room and board, free medical care (these various items also referred to as "found"), and a retirement program.

7. Defendant CARNIVAL is a for-profit foreign entity doing business in the State of Florida and may be served with due process herein by serving its registered agent, Mr. Arnaldo Perez, 3655 NW 87th Avenue, MLGL 815, Miami, FL 33178-2428.

8. Defendant *MS "CARNIVAL ECSTASY"* is a Panamanian flagged passenger vessel, of approximately 70,367 gross tons, registered under the laws of Panama and bearing IMO number 8711344.

9. Defendant CARNIVAL has, at all times relevant hereto, held itself out to have at least one of these roles:

    a) agent of the owner of the *MS "CARNIVAL ECSTASY,"*

    b) operator of the *MS "CARNIVAL ECSTACY,"*

    c) agent of the *MS "CARNIVAL ECSTASY,"* and/or

    d) manager of the *MS "CARNIVAL ECSTASY,"*

as well as being the employer of Plaintiff Seaman JIMENEZ.

10. At all times relevant hereto Defendants CARNIVAL and *MS "CARNIVAL ECSTASY"* have operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county, were engaged in substantial

activity within this state, operated vessels in the waters of this state, committed one or more of the acts stated in Fla. Stat. § 48.193, and the acts of Defendants CARNIVAL and *MS "CARNIVAL ECSTASY"* set out in this Complaint occurred in whole or in part within the Southern District of Florida, more specifically within Miami-Dade County, Florida.

### GENERAL ALLEGATIONS

11. The causes of action asserted in this Complaint are authorized by 46 U.S.C. § 30104 (the "Jones Act"), and the General Maritime Law of the U.S.

12. At all times material hereto, Plaintiff was employed by Defendant CARNIVAL as a seaman and member of the *MS "CARNIVAL ECSTASY"*'s crew.

13. At all times material hereto, the *MS "CARNIVAL ECSTASY"* was operated, managed, maintained and/or controlled by Defendant CARNIVAL.

14. Facts of Injury/Illness: While employed by Defendant CARNIVAL, Plaintiff Seaman JIMENEZ succumbed to a work accident where the Plaintiff injured his back while lifting a 55 gallon container of oil.

a) On December 13, 2008 the Plaintiff while working as a Chief Motorman was cleaning engine number 2. He was pushing a 55 gallon container of oil when he felt a heavy pain in his back. He immediately reported this accident to the staff Ship Engineer. He was examined by doctors on December 13, 2008, December 14, 2008 and December 16, 2008. On December 18, 2008 he was sent home to Santo Domingo, Dominican Republic where the Defendant put him at the Hospiten Santo Domingo clinic. An MRI of the Plaintiff's back was performed while at the clinic. On December 24, 2008 JIMENEZ was sent home from the clinic. In January of 2009 the Plaintiff underwent physical therapy. In May of 2009, the Plaintiff went back to the clinic to

perform another MRI. The Defendant called him in July of 2009 to terminate him from his employment with them.

    b) Request for Reimbursement of Medical Expenses and Demand for Additional Medical Treatment:

        i) After being sent home in relation to his accident, Plaintiff received medical treatment.

        ii) Plaintiff undertook to maintain constant contact with Defendant CARNIVAL and attempted to send its Crew Medical Department updates on his treatment and to request further treatment.

        iii) Plaintiff left several telephone messages and sent several emails to the Defendant. Plaintiff never got an answer to any of the messages or emails.

        iv) The only time received any contact from the Defendant was in July of 2009 when he was terminated.

    c) While receiving cure, and without yet having obtained maximum medical improvement to this day for his injuries, Plaintiff Seaman JIMENEZ was required to maintain himself, incurring expenses associated with travel to and from his medical care, as well as the expenses associated with his day to day room and board.

15. Place of Injury/Illness: Whilst serving aboard the *MS "CARNIVAL ECTSTASY,"* in navigable waters within Miami-Dade County, Florida, at the Port of Miami, and in international waters.

16. Facts alleged as creating duties:

a) During Plaintiff's employment with Defendant CARNIVAL, he worked aboard the *Ms "CARNIVAL ECSTASY"* as a chief motorman.

b) Plaintiff had his accident while employed aboard the *MS "CARNIVAL ECSTASY"* and was required to seek medical attention. Plaintiff has not reached maximum medical improvement and requires continued and additional medical treatment.

c) Plaintiff has not received the full compensation he is entitled to receive from CARNIVAL while he has been under medical treatment for the illnesses contracted while in the service of the *MS "CARNIVAL ECSTASY."*

### COUNT I – JONES ACT NEGLIGENCE

17. Plaintiff adopts and realleges paragraphs 1 through 16 as if stated herein.

18. The Jones Act, 46 U.S.C. § 30104, provides: "A seaman injured in the course of employment ... may elect to bring a civil action at law, with the right to trial by jury, against the employer."

19. The Jones Act further provides: "Laws of the U.S. regulating recovery for personal injury to, or death of, a railway employee apply to an action under this action."

20. The Federal Employers Liability Act, 45 U.S.C. § 51, *et seq* ("FELA"), is the law of the U.S. which regulates recoveries for personal injuries to, or death of, railway employees.

21. The Jones Act, thus, incorporates the totality of FELA's rights, remedies and protections, with all of FELA's provisions applying to this claim.

22. FELA, 45 U.S.C. § 55, provides: "Any contract, rule, regulation, or device whatsoever, the purpose of which shall be to enable any common carrier to exempt itself from liability created by this Chapter shall to that extent be void."

23. It was the duty of CARNIVAL to provide Plaintiff with adequate care for his medical condition should he become ill or injured while in the service of the ship.

24. Plaintiff was injured due to the fault and negligence of Defendant CARNIVAL as follows:

a) Failure to provide full and adequate medical care.

25. Defendant CARNIVAL is vicariously responsible for the negligence of the employees of the Crew Medical Department by virtue of knowing of the foregoing conditions which caused Plaintiff's injury and not correcting them, or the conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care, should have learned of them and corrected them.

26. As a result of the negligence of CARNIVAL, the Plaintiff was injured about his body and extremities, suffered severe pain, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

---

[1] "The [Jones] Act thus made applicable to seamen injured in the course of their employment the provisions of the Federal Employers' Liability Act, 45 U.S.C. ss 51-60, 45 U.S.C.A. ss 51-60, which give to railroad employees a right of recovery for injuries resulting from the negligence of their employer, its agents or employees." *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S.

WHEREFORE, Plaintiff PABLO JIMENEZ sues Defendant CARNIVAL CORPORATION for damages, attorneys fees, costs, and prejudgment interest, and all other damages to which he is entitled.

### COUNT II – MAINTENANCE AND CURE

27. Plaintiff readopts and realleges paragraphs 1 through 16 as if stated herein.

28. Plaintiff was employed by Defendant CARNIVAL as member of the crew aboard the *MS "CARNIVAL ECSTASY,"* and fell ill or was injured while working on the *MS "CARNIVAL*

*ECSTASY"* as a seaman.

29. Defendant CARNIVAL, as either owner and/or employer, has, and continues to have, an obligation to provide Plaintiff with both maintenance and cure until he reaches maximum medical improvement.

30. Cure. Plaintiff incurred medical expenses in relation to his medical conditions which arose while he labored aboard the *MS "CARNIVAL ECSTASY"* and continues to accrue additional medical expenses which are properly due and owing as cure. Defendant CARNIVAL acknowledged its obligation to provide cure by providing a) medical treatment to Plaintiff prior to sending him home, and b) transportation of the Plaintiff to his home country for additional medical treatment. Since arriving in his home country, however, Defendant CARNIVAL has not provided the requested and required cure.

31. Maintenance. Plaintiff has also incurred living expenses while recovering from his ailments, which arose during the course of his employment with Defendant CARNIVAL, which are properly due and owing as maintenance.

32. Defendant CARNIVAL has willfully failed to provide both maintenance and cure, despite repeated and very clear demands, both orally and in writing.

33. But for the instant legal intervention, the vessel's owner and/or the Plaintiff's employer's behavior and refusal to pay the Plaintiff's wages and benefits would have continued indefinitely.

36, 38 (1943).

34. Due to the vessel owner's and/or the Plaintiff's employer's willful, arbitrary, callous and complete disregard for the Plaintiff's rights as a seamen as described herein, the Plaintiff is entitled to recover his reasonable attorneys fees and costs associated with obtaining the unpaid maintenance and cure, along with punitive damages.

WHEREFORE, Plaintiff PABLO JIMENEZ sues Defendant CARNIVAL CORPORATION for damages, punitive damages, attorneys fees, costs, and prejudgment interest, and all other damages to which he is entitled.

### COUNT III – ENFORCEMENT OF MARITIME LIEN IN REM

35. Plaintiff Seaman JIMENEZ readopts and realleges paragraphs 1 through 16 and 28 through 34 as if stated herein.

36. Due to his status as a seaman, Plaintiff Seaman JIMENEZ has an *in personam* claim for maintenance and cure against Defendant CARNIVAL in relation to its failure to provide him with maintenance and cure for medical conditions arising in the course of his duties aboard the *MS "CARNIVAL ECSTASY,"* as well as an *in rem* claim against said vessel.

37. Defendant CARNIVAL has failed to pay, in full, Plaintiff's claims for maintenance and cure, and there remains a substantial sum of unliquidated damages arising from its failure to provide Plaintiff maintenance and cure for the medical conditions which arose in the course of Plaintiff's duties aboard the *MS "CARNIVAL ECSTASY."*

38. In addition to his right to prosecute these claims as *in personam* claims against Defendant CARNIVAL, Defendant's failure to provide Plaintiff with maintenance and cure provides Plaintiff Seaman JIMENEZ with an *in rem* maritime lien against the *MS "CARNIVAL ECSTASY"*

39. Plaintiff Seaman JIMENEZ is entitled to issuance of process pursuant to Rule C of the Supplemental Admiralty Rules to arrest the *MS "CARNIVAL ECSTASY"* and to an order directing the sale of said vessel.

WHEREFORE, Plaintiff Seaman JIMENEZ prays:

a) Process in due form of law, according to the practice of this Court, issue against the

MS "CARNIVAL ECSTASY," its engines, boilers, tackle, equipment, apparel, appurtenance, etc. and that any person, firm or corporation claiming any interest in said vessel be cited to appear and answer this Complaint;

b) These maritime liens be declared valid and sustaining an interest in favor of the Plaintiff in the MS "CARNIVAL ECSTASY" in a principal amount to be set by this Court, together with prejudgment interest continuing to accrue thereon, plus costs, and to be superior to the interests, liens, claims or mortgages of any and all persons, firms or corporations whatsoever;

c) This Court directs the manner in which the actual notice of the commencement of this suit shall be given by the Plaintiff to the master, or other ranking officer or caretaker of the MS "CARNIVAL ECSTASY," and any other persons, firms or corporations having any interest therein or having filed any mortgages or notices of liens against said vessel;

d) A judgment in a principal amount to be set by this Court, together with interest continuing to accrue, plus costs be entered in favor of the Plaintiff and against the MS "CARNIVAL ECSTASY,"

e) That said MS "CARNIVAL ECSTASY," its engines, boilers, tackle, equipment, apparel, appurtenances, etc. be arrested, condemned and sold by the U.S. Marshal of this District under decree of this Court to satisfy said judgment or any portion thereof;

f) That process according to the practice of this Court issue against the owners and managers of the MS "CARNIVAL ECSTASY,"

g) That judgment be entered against the MS "CARNIVAL ECSTASY" for damages,

wages, attorney's fees, interest, costs, and maintenance and cure; and finally,

h) That Plaintiff Seaman JIMENEZ be granted any other such relief as this Honorable Court may deem proper and equitable under these circumstances.

Dated this 28th day of June, 2010, in Miami, Florida

Respectfully submitted,

_____ for
Anthony Georges-Pierre, Esq.
Fl. Bar No.: 0533637
Elvis J. Adan, Esq.
Fl. Bar No : 024223
Remer & Georges-Pierre, PLLC
11900 Biscayne Blvd., Ste. 288
Miami, Fl 33181
305-416-5000
305-416-5005